## LEFEVER *v.* WITMER.

The act of 1848 (relating to *femes covert*) does not divest the right of a creditor, who had commenced suit, to have satisfaction out of the defendant's estate in his wife's lands.

An appeal does not lie from the order appointing a sequestrator in such case.

APPEAL from the Common Pleas of Lancaster.

The plaintiff brought assumpsit on the 4th April, 1848. On the 21st May he obtained an award, and issued a *fi. fa.* Upon this, he moved for the appointment of a sequestrator. The defendant's wife appeared to the rule, and set forth, that she was the devisee of certain lands from her father, under a will dated in 1835. And she objected to the appointment, on the ground; that, by the act of April 11th, 1848, she was entitled to hold the property to her separate use. But the court appointed a sequestrator, and this appeal was taken.

*Ford*, for the appellant.—There was no lien divested by the act, and it was therefore constitutional: 13 S. & R. 133; 2 Pet. 412; 4 W. & S. 218.

*S. Stevens* and *Ellmaker*, contrà.—The order of the court was right, under the act of 1840. The act of 1848 will not be construed so as to affect the vested rights of the husband, or of creditors who have brought suit.

*May* 29.   GIBSON, C. J.—It may be that the legislature has not constitutional power to divest a husband's freehold in his wife's inheritance, without his consent; but it has certainly power to

divest it with his consent, so as to free it from the claim of creditors who have not obtained a lien on it. The act in this case was, therefore, constitutional. But are we at liberty so to interpret it as to give it a retroactive operation against a creditor who had brought an action and incurred costs, at the time of the enactment, when there was no law to forbid the pursuit, with a view to obtain a lien and satisfaction out of the husband's curtesy? The rule has been, to give a retroactive operation to statutes which operate, not on the right, but the remedy; and here it would operate on both. According to the principle of the Lancaster County Bank v. Stouffer, just now decided (*ante*, 398), the husband had an indefeasible freehold in his wife's land, which was open to action by his creditors; and, by the opposite principle, their right to seek satisfaction from the land, by actions previously commenced, would be taken away. But a more stringent principle still, is that which has governed us in refusing a retroactive operation to statutes which would bar an action pending, where we are not compelled to do otherwise by direct and positive words; as in Bedford v. Shilling, 4 S. & R. 401, and subsequent cases. These embrace the principle of the case before us; and, so far, the opinion of the judge was incontrovertible; and, as has been said in the Lancaster Bank v. Stouffer, there was no right of appeal. The case must, therefore, take the course of its predecessor.

Appeal quashed.